## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Earl and Theresa Shear, ) | Bankruptcy Case No. 10-30971 |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |

### MEMORANDUM AND ORDER

Before the Court is Debtors Earl and Theresa Shear's Motion for Extension of Time to Complete Credit Counseling Course. Debtors seek a 15-day extension from the date of their motion. Debtors filed for relief under Chapter 13 of the Bankruptcy Code on August 3, 2010. In their petition, Debtors suggest exigent circumstances merit a temporary waiver of the credit counseling requirement. Debtors state the primary reason for their filing of a bankruptcy petition was due to discovery of the newspaper notice that their residence had been foreclosed on and was being sold at a sheriff's sale.

Under the Bankruptcy Code, debtors must receive credit counseling within the 180-day period preceding the date on which a debtor files bankruptcy. 11 U.S.C. § 109(h)(1). Credit counseling can be done individually or by group briefing and may be done in person, over the telephone or via the internet. Id. The requirements of section 109(h)(1) are mandatory and failure to meet them is a fatal flaw rendering an individual debtor ineligible for bankruptcy relief. Hedquist v. Fokkena (In re Hedquist) 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006).

An exception to this requirement is found in section 109(h)(3) and states that a debtor will be excused from credit counseling for 30 days from the date of filing if the debtor submits to the court a certification stating: 1) exigent circumstances exist that merit a waiver of the requirements of section 109(h)(1); 2) that the debtor has requested the required counseling but was unable to obtain the counseling required in section 109(h)(1) during the five-day period which begins on the date of debtor's request; and 3) debtor's certification is satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). It is unclear what

substantive content part three has, however, a fair reading of the statute is that Congress intended courts to use their discretion in making determinations as to whether parts one and two of the test were met. Dixon v. LaBarge (In re Dixon) 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006).

In order to obtain relief under section 109(h)(3), debtors must show two things: 1)exigent circumstances; and 2) that those circumstances merit a waiver of the briefing requirement. Id at 388. The term 'exigent' indicates a situation where adverse events are imminent and will occur if the debtor cannot avail himself of the statutory briefing. Id at 388. Because virtually all cases filed under section 109(h)(3) will involve exigent circumstances for the debtor, the real question is whether the exigent circumstances the debtor finds himself facing merit waiving the statutory requirement of prefiling credit counseling. Id.

While Debtors argue the primary reason for their filing of a bankruptcy petition discovery that their residence had been foreclosed on and was being sold at a sheriff's sale, the Court finds the circumstances do not merit waiving the credit counseling requirement.

Debtors Earl and Theresa Shear are ineligible for relief under the Bankruptcy Code. Accordingly, Debtors' motion for an extension of time to complete credit counseling is **DENIED**. This case is dismissed, without prejudice to Debtors' right under the Bankruptcy Code to file another petition for relief.

It is further ORDERED that the filing fee will be waived if the Debtors file a new bankruptcy petition with a current counseling certificate within 30 days of the entry of this order.

**SO ORDERED**

Dated this 2nd day of September, 2010

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**

2